IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ROGER MIDDLEBROOK  #14722                                                        PETITIONER

versus                                                        CIVIL ACTION NO. 2:05cv2156-KS-MTP

STATE OF MISSISSIPPI and JIM HOOD                                              RESPONDENTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the respondents' Motion to Dismiss for Failure to Exhaust [10].  Having considered the motion, along with documents made a part of the record of this case and the applicable law, the undersigned recommends that the motion be granted.

## PROCEDURAL HISTORY

On April 19, 2004, Petitioner Middlebrook entered a guilty plea in the Circuit Court of Forrest County to the charge of transfer of a controlled substance and was sentenced to fifteen years in the custody of the Mississippi Department of Corrections.  Although Middlebrook did not file a direct appeal,[1] on December 14, 2004, he did file a "Motion to Vacate Sentence and Conviction" in the Circuit Court of Forrest County.  The court treated the motion as one for post-conviction collateral relief and dismissed it on February 15, 2006.  By notice of appeal filed March 3, 2006, Middlebrook appealed the denial to the Mississippi Supreme Court.  The appeal was assigned to the Mississippi Court of Appeals on March 6, 2006, and remains pending in that court.  Middlebrook submitted the instant petition for habeas corpus relief sometime between November 8, 2005, the date it was signed, and  November 18, 2005, the date it was stamped "filed."  The respondents contend

---

[1] Although Miss. Code Ann. § 99-35-101 specifies that there is no direct appeal from a guilty plea,  the Mississippi Supreme Court has carved out an exception, allowing an appeal from a guilty plea within thirty days when the issue concerns an alleged illegal sentence.  *See Berry v. State,* 722 So. 2d 706 (Miss. 1998).

that the petition should be dismissed for the petitioner's failure to exhaust his claims in state courts prior to seeking federal habeas relief.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that exhaustion of a claim in state court is required for a federal court to consider the claim: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that...the applicant has exhausted the remedies available in the courts of the State... ." 28 U.S.C. § 2254(b)(1)(A). It is further specified in section 2254(c)that an applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  Thus, it is a "fundamental prerequisite" to federal habeas relief that a petitioner exhaust all his claims in state courts prior to seeking federal collateral relief.  *Sterling v. Scott,* 57 F.3d 451, 453 (5th Cir. 1995); *see also Fisher v. Texas,* 169 F.3d 295, 302 (5th Cir. 1999). To satisfy this requirement, the petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999).  Because his appeal of the denial of his motion for post-conviction collateral relief is pending in the Mississippi Court of Appeals, Middlebrook has not yet completed the process of exhausting available state remedies. Accordingly, his federal petition for writ of habeas corpus is premature[2] and must be dismissed.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that the respondents' Motion to Dismiss [10] be GRANTED and that Middlebrook's Petition for Writ of Habeas Corpus

---

[2] The court notes that Middlebrook filed his petition nearly three months before the Circuit Court of Forrest County denied his motion for post-conviction collateral relief.

be DISMISSED WITHOUT PREJUDICE.

## NOTICE OF RIGHT TO APPEAL/OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 11th day of December, 2006.

s/Michael T. Parker
United States Magistrate Judge